# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2197
_____

United States of America

*Plaintiff - Appellee*

v.

Jesse William Peterson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: January 13, 2023
Filed: June 8, 2023
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jesse Peterson received a 95-month prison sentence after he pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Although he challenges a six-level enhancement for assaulting the officers who apprehended him, *see* U.S.S.G. § 3A1.2(c)(1), we affirm.

I.

An arrest warrant led to a standoff.  Rather than surrender, Peterson blockaded himself in his bedroom.  SWAT officers fired tear-gas canisters through a window, which Peterson covered with a pillow.  Once the pillow was no longer in the way, a body camera captured three popping sounds.  Glass shards flew outward, and at least one brief flash of light was visible.

Peterson eventually surrendered.  Then, with the assistance of a firearm-detecting dog, officers found a loaded revolver behind a wall in an adjoining bathroom.  Absent, however, were any spent casings.

Rather than face trial, Peterson pleaded guilty.  *See* 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  The government requested an enhancement on the theory that Peterson assaulted the officers by firing a gun out the window.  *See* U.S.S.G. § 3A1.2(c)(1) (providing a six-level enhancement for an "assault[]" of an officer "in a manner creating a substantial risk of serious bodily injury").  After a lengthy hearing, the district court[1] agreed.  Our review is for clear error.  *See United States v. Two Elk*, 536 F.3d 890, 909 (8th Cir. 2008).

II.

The district court had to make a tough call.  Body-camera footage captured three popping sounds, glass flying *outward* from the window, and what could have been a muzzle flash.  On the other hand, the popping sounds were faint, the scene was chaotic, and the events were fast-moving.  Unmistakable on the recording, however, is one officer immediately saying he heard gunshots.

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

The same officer then testified under oath. His account remained unchanged: he heard gunshots and thought that Peterson was shooting at them. The district court found his testimony credible, in part because of his extensive experience with firearms.

Even if the absence of spent casings casts some doubt on the government's theory, a close call does not get over the "high bar of clear[-]error review." *United States v. Denson*, 967 F.3d 699, 705 (8th Cir. 2020) (citation omitted); *see FTC v. Lundbeck, Inc.*, 650 F.3d 1236, 1239 (8th Cir. 2011) (noting that it does not matter "how this court might have weighed the evidence in the first instance"). One explanation for the missing evidence could be the passage of time: at least 15 minutes elapsed between the gunshots and the end of the standoff. Having time to hide the gun suggests that Peterson had time to get rid of the casings too. On this record, in other words, the finding that he fired the gun was not clearly erroneous. *See United States v. Dock*, 967 F.3d 903, 904–05 (8th Cir. 2020) (explaining that spent shell casings are not a requirement for a finding like this one).

III.

Peterson has a backup argument. He claims for the first time on appeal that, even if he fired it, he neither intended to, nor caused, any officers to "fear immediate bodily harm." *United States v. Olson*, 646 F.3d 569, 573–74 (8th Cir. 2011) (emphasis omitted) (citation omitted) (requiring both to constitute "menacing assault"). On plain-error review, this argument does not get him far. *See United States v. Olano*, 507 U.S. 725, 733–34 (1993).

For one thing, it was reasonable for the district court to infer that Peterson *at least* intended to make the officers fear the possibility of getting shot. *See Olson*, 646 F.3d at 574 (raising a gun is enough to satisfy the fear-of-immediate-bodily-harm requirement); *cf. United States v. Wynn*, 827 F.3d 778, 785 (8th Cir. 2016) (recognizing that a factfinder "may infer intent from circumstantial evidence" (citation omitted)). For another, the fact that one officer warned the others about the

danger shows that he succeeded in causing fear.  *See Olson*, 646 F.3d at 574.  The bottom line is that there was no error, plain or otherwise.

IV.

We accordingly affirm the judgment of the district court.

_____